UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERLIN HOWES,

    Petitioner,

-vs-                                                  Case No. 8:11-cv-655-T-27TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

BEFORE THE COURT is Respondent's Response, Motion to Dismiss as Untimely Petition for Writ of Habeas Corpus, Memorandum of Law (motion) (Dkt. 42) and Petitioner's opposition (Dkt. 45). Upon consideration, the motion is GRANTED.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitation period runs from the latest of . . . "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state court conviction was affirmed on appeal on September 29, 2000. (Resp. Ex. 4); *Howes v. State*, 775 So. 2d 295 (Fla. 2d DCA 2000). His conviction therefore became final 90 days later, on December 28, 2000, when the time for filing a petition for certiorari in the United States Supreme Court expired. *Chavers v. Sec., Fla. Dept. of Corrs.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (judgment becomes "final" after expiration of 90 day period in which petition for writ of certiorari could have been filed). Petitioner therefore had one year from December 28, 2000, within which to file a timely federal habeas petition under 28 U.S.C. § 2254. His federal petition was signed on March 6, 2011, more than ten years after his conviction became final. Accordingly, unless the limitation period was tolled by a properly filed state court post conviction application or equitable tolling applies, his federal petition is time barred.

On February 5, 2001, 38 days after his conviction became final, Petitioner filed a Florida Rule 3.850 motion (Resp. Ex. 5). On February 8, 2001, Petitioner filed a Florida Rule 3.800(a) motion (Resp. Ex. 6). On August 1, 2001, the state post conviction court denied the Rule 3.800(a) motion, and all but one ground of the Rule 3.850 motion (Resp. Ex. 7).[1] On July 11, 2002, Petitioner filed a motion to withdraw the remaining ground in his Rule 3.850 motion (Resp. Ex. 11A). On September 3, 2002, the state post conviction court granted the motion to withdraw (Resp. Ex. 11B).

Petitioner did not appeal the denial of his Rule 3.800(a) and 3.850 motions. Therefore, his AEDPA clock began to run again on October 2, 2002 (30 days after the September 3, 2002 order). See Fla. R. Crim. P. 3.850(g) (providing 30 days to timely appeal order denying motion for post-conviction relief). As of October 2, 2002, Petitioner had 327 days, or until August 25, 2003,

---

[1] Petitioner appealed the non-final order (Resp. Ex. 8), and the appellate court dismissed the appeal for want of jurisdiction (Resp. Exs. 9, 10A, 10B).

left on his AEDPA clock.

On October 14, 2003, Petitioner filed a Florida Rule 3.800(c) motion (Resp. Ex. 12). Because Petitioner's AEDPA clock already had expired on August 25, 2003, his Rule 3.800(c) motion, and all his subsequently filed motions (see Resp. Exs. 14, 21a, 22, 23, 24, 34), did not toll the AEDPA limitations period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (Rule 3.850 motion, "filed after expiration of the limitations period[,] does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition"); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a Rule 3.850 motion is filed after the expiration of the AEDPA limitations period, it does not toll the period under § 2244(d)(2) because no period remains to be tolled).[2] Therefore, Petitioner's federal habeas petition is untimely as it was filed after the expiration of the one-year limitations period.

The limitations period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Although Petitioner does not concede that his petition is untimely, he argues that his petition should not be time barred because he is entitled to equitable tolling. Equitable tolling only applies, however, where the litigant satisfies his burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006)

---

[2]Even if the Rule 3.800(c) motion had been filed prior to expiration of the AEDPA limitations period, it did not qualify as a tolling motion. *See Baker v. McNeil*, 439 Fed. Appx. 786 (11th Cir. 2011) (unpublished), *cert. denied*, 132 S. Ct. 1633 (2012).

(petitioner must show both extraordinary circumstances and diligence).

Petitioner contends that equitable tolling applies because he was unable to perform legal work as a result of brain surgery (see Dkt. 29). The surgery, however, was performed on June 23, 2009 (see Dkt. 1 at p. 1), well after the AEDPA limitations period expired on August 25, 2003. Therefore, there is no causal connection between the brain surgery and his late filing of the petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (to be eligible for equitable tolling, petitioner must show "a causal connection between the alleged extraordinary circumstances and the late filing of the petition").

Petitioner further contends that he is entitled to equitable tolling because of prison lockdowns, untimely receipt of mail, and lack of access to the prison law library (see Dkt. 45 at p. 1). The Eleventh Circuit, however, has held that solitary confinement, lockdowns, and restricted access to the law library generally do not qualify as extraordinary circumstances warranting equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000). Moreover, Petitioner's allegations are self-serving and conclusory because they fail to specify factually when these alleged restrictions occurred, and how they prevented him from timely filing his federal habeas petition. It is well-established that "the allegations supporting equitable tolling must be specific and not conclusory." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). *See also Drew v. Dep't of Corr.*, 297 F.3d 1278, 1292-1293 (11th Cir. 2002) (conclusory allegations are insufficient to raise the issue of equitable tolling).

In sum, Petitioner does not satisfy his burden of showing circumstances that would justify the application of equitable tolling in this case. *Drew*, 297 F.3d at 1286 ("The burden of establishing entitlement to [equitable tolling] plainly rests with the petitioner.").

Finally, Petitioner appears to assert that the Court should address the merits of his petition and grant him habeas relief because he is actually innocent of the crime for which he was convicted (Dkt. 45 at p. 2). "[T]here is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d)[.]" *Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (citing *McQuiggin v. Perkins*, U.S. , 133 S.Ct. 1924 (2013)). The exception, however, applies "only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* (quoting *McQuiggin*, 133 S.Ct. at 1931, 1933).

Petitioner proclaims his innocence (Dkt. 45 at p. 2). This proclamation, however, does not constitute "new reliable evidence" of his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."). Petitioner has submitted no new reliable evidence in connection with the instant habeas petition which could support his contention that he is actually innocent of the crime for which he was convicted. Consequently, the petition must be dismissed as time barred.

Accordingly, the Court **ORDERS** that:

1. Respondent's Response, Motion to Dismiss as Untimely Petition for Writ of Habeas Corpus, Memorandum of Law (Dkt. 42) is **GRANTED**. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time barred.

2. The **Clerk** shall terminate any pending motions and close this case.

### Certificate of Appealability

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas

corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing in these circumstances. And, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida on October 11th, 2013.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
Counsel of Record